# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## CONAL DECKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 274958     Rebecca Stern, Judge**

---

**No. E2010-01258-CCA-R3-HC - Filed February 24, 2011**

---

The Petitioner, Conal Decker, filed a pro se petition for writ of error coram nobis or writ of habeas corpus challenging judgments in cases from 1994 and 1998 which were used to enhance the federal sentence he is currently serving.  He claims in the cases he is challenging that he was never provided counsel or that his waiver of counsel was improper.  The coram nobis court dismissed the petition.  The State filed a motion requesting that this court affirm the coram nobis court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  After review, we conclude that the petition was properly dismissed.  Accordingly, the State's motion is granted and the judgment of the coram nobis court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., AND D. KELLY THOMAS, JR., JJ., joined.

Conal Decker, Atlanta, Georgia, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that the Petitioner is currently in federal custody for a conviction on federal drug and firearms charges.  The presentence investigation report prepared prior to his sentencing in that case detailed the Petitioner's lengthy criminal history, including four Hamilton County General Sessions convictions which the Petitioner now challenges.  The

report reflects that the four convictions were entered after the Petitioner waived his right to counsel. Petitioner asserts that the federal court relied upon the Hamilton County convictions to enhance his federal sentence.

The report reflects that on July 6, 1994, the Petitioner pled guilty in the Hamilton County General Sessions Court to possession of drug paraphernalia and possession of marijuana. The Petitioner was sentenced to ninety days confinement, which was suspended, and fined $300. The Petitioner's probation was revoked on April 3, 1995. The Petitioner alleges that these convictions were entered without counsel or a valid waiver; however, the record does not contain copies of the judgments of conviction for these offenses.

The report also reflects that on April 13, 1998, the Petitioner pled guilty in the Hamilton County General Sessions Court to possession of drug paraphernalia and was sentenced to eleven months and twenty-nine days. The sentence was suspended, but probation was revoked on November 23, 1998. The judgment of conviction for this offense reflects a waiver of counsel and jury trial which was signed by the Petitioner but not the judge.

The report reflects that on November 23, 1998, the Petitioner pled guilty in the Hamilton County General Sessions Court to driving on a revoked license and was sentenced to six months. The judgment of conviction for this offense also reflects a waiver of counsel and jury trial which was signed by the Petitioner but not the judge.

The Petitioner's error coram nobis and habeas corpus petition asserts that these four convictions, which were used to enhance his federal sentence, were entered without counsel or a valid waiver of counsel. Therefore, the Petitioner sought to have the Hamilton County judgments vacated.

The coram nobis court dismissed the petition, finding that the Petitioner failed to point to any new evidence and therefore failed to state a claim for coram nobis relief. Additionally, the court found that the Petitioner was not entitled to habeas corpus relief because the Petitioner is not imprisoned or restrained of liberty by the convictions at issue. Further, the court noted that the Petitioner's sentences in each of the Hamilton County cases had expired, prohibiting habeas corpus relief. Finally, the coram nobis court found that if the petition were construed as one for post-conviction relief, the statute of limitations barred relief.

The Petitioner currently appeals the coram nobis court's ruling. Tennessee Code Annotated section 40-26-105 provides:

There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

It is well-established that the writ of error coram nobis "is an *extraordinary* procedural remedy . . . [that] fills only a slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999).

Generally, a decision whether to grant a writ rests within the sound discretion of the coram nobis court. See State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We therefore review for abuse of discretion. See State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

We note that a petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. Tenn. Code Ann. § 27-7-103. However, the statute of limitations is an affirmative defense that is waived if not raised by the State. See Newsome v. State, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998). In the instant case, this petition was clearly filed outside the limitations period, but the record does not reflect that the State raised the limitations defense.

Regardless, the petition fails to cite any new evidence warranting coram nobis relief. The Petitioner contends that he "learned" that the State records indicated he waived counsel in the Hamilton County case during the prelude to his federal sentencing hearing. This does not constitute "new" evidence. The Petitioner knew whether he waived counsel at the time of these convictions; therefore, he cannot now assert a claim for coram nobis relief simply because he did not recognize the significance of the issue until his federal sentencing. Accordingly, the coram nobis court did not err in denying the petition.

Further, the Petitioner is not entitled to habeas corpus relief. The determination of whether to grant habeas corpus relief is a question of law which we will review de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence,

"that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

"Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). In the instant case, the Petitioner failed to verify his application for habeas corpus relief by affidavit, failed to state that the legality of his restraint has not already been adjudicated, and failed to state that the instant petition is his first application for a writ of habeas corpus. See Tenn. Code Ann. § 29-21-107; Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App.2001). However, because the lower court did not deny the petition on procedural grounds, neither will we. See Darwin Theus v. David Mills, Warden, No. W2005-02204-CCA-R3-HC, 2006 WL 739883, at *2 (Tenn. Crim. App. at Jackson, Mar. 23, 2006).

As a prerequisite to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). Persons detained because of federal convictions are not entitled to state habeas review of their federal detention. See Tenn. Code Ann. § 29-21-102. A petitioner "is not restrained of liberty *unless the challenged judgment itself* imposes a restraint on [his] freedom of action or movement." Summers, 212 S.W.3d at 257 (emphasis added). The "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004). Moreover, "[h]abeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." Summers, 212 S.W.3d at 257.

The Petitioner is presently incarcerated in a federal prison on a wholly separate federal conviction, and nothing in the record suggests that he is serving a sentence from any of the challenged judgments concurrently with his federal sentence, notably because the sentences are already expired. See Faulkner v. State, 226 S.W.3d 358, 362 (Tenn. 2007). Therefore, his claims for habeas corpus relief are unavailing.

Therefore, we conclude that the coram nobis court properly denied the Petitioner's error coram nobis and habeas corpus petition. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE